UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

| Present: The Honorable | A. Howard Matz, U.S. District Judge | |
|---|---|---|
| Stephen Montes | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Plaintiff Kim Lamie has moved to certify a class, and three subclasses, against Defendant Sunflower Staffing LLC ("SSLLC").[1] For the reasons stated below, the Court GRANTS Plaintiff's motion in part and DENIES it in part. In addition, as described further below, the Court ORDERS the parties to file supplemental briefing on the issue of Defendant's right to arbitrate the claims of approximately 1,100 putative class members.

## I.   PROCEDURAL HISTORY

Plaintiff filed this action on April 20, 2011, against Defendants SSLLC, Dennis Garberg and Associates Inc. ("DGA"), Casting Call Inc., Casting Call LLC, DTR Acquisitions, Decision Tree Resources Inc., Events and Promotions LLC, Ralphs Grocery Company, Sunflower Group Inc., Sunflower Staffing Services, U.S. Marketing and Promotions Agency, and Warehouse Demo Services. Most of these Defendants have either settled or have been dismissed from this action. Only two Defendants remain—DGA and SSLLC. Plaintiff has moved for class certification against DGA in a separate motion.

On July 11, 2011, the Court granted Plaintiff's Motion to consolidate this action with the related *Bright* action, CV 10-7933, which is asserted against Defendant DGA.

---

[1] Dkt. 428.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)* <br> CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al. <br> and consolidated with <br> KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

(Dkt. 64.) As a result of that order, Lamie was deemed a named Plaintiff in the *Bright* action.

On August 29, 2011, Plaintiff filed her original motion to certify a class against SSLLC. (Dkt. 238.) On October 7, 2011, however, the Court authorized a limited extension of discovery. (Dkt. 268.) In order to allow the parties to incorporate the additional information disclosed in discovery, the Court denied Plaintiff's original motion without prejudice and authorized her to file the present motion. In compliance with the Court's order, Plaintiff filed this motion on April 30, 2012.

In this order, the Court will address only Plaintiff Lamie's motion for class certification against Defendant SSLLC. The related motion for class certification against Defendant DGA will be addressed in a separate order. In addition, the Court has addressed the parties' evidentiary objections in another separate order.[2]

## II. BACKGROUND

Product demonstrators work in grocery and retail stores to promote specific consumer products. For example, a demonstrator may be retained to promote a specific brand of apple juice or cereal. (Boxer Decl. Ex. C. at 4, 10.) Typically, demonstrators promote a product by handing out free samples, coupons, and information about the product. The California Employment Development Department explains that a "'product demonstrator' is an individual who distributes coupons, demonstrates or gives away samples of products as part of an advertising or sales promotion for the product." (Mot. Ex. A at 1.)

---

[2] In connection with the present motion for class certification and the motion for certification against Defendant DGA, the parties have filed numerous evidentiary objections. Plaintiff has filed motions to strike the declarations of Ann Lahr, Lynn Ketalaar, and Susan Irwin-Simmons. (Dkts. 448–450.) In addition, Plaintiff has filed a motion to strike the declarations of thirty witnesses who were allegedly disclosed by Defendants in an untimely manner. (Dkt. 447.) Defendants, in turn, filed objections to certain exhibits that were submitted by Plaintiff. (Dkt. 456.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

Product demonstrators can be retained by different entities—consumer product manufacturers, marketing firms, demonstration companies, or retail stores. (Mot. Ex. A at 1.) Depending on their relationship with the entity that retained them, demonstrators may be independent contractors or employees.

The product demonstrators in this case contracted with Defendant SSLLC to provide demonstration services for various consumer products. SSLLC does not directly deal with the manufacturers of these consumer products. Instead, a different defendant, Defendant DGA, directly contracts with the manufacturers and assumes overall responsibility for coordinating and executing each promotional event. (Bogaards Decl. Ex. M ("Irwin-Simmons Depo.") at 13:10–13.) DGA in turn contracts with staffing agencies such as SSLLC that provide the labor for each event. (Irwin-Simmons Depo. at 13:10–13.) The parties disagree as to the nature of the relationship between SSLLC and DGA. Plaintiff contends that the parties share employees and at least some common management. To support this contention, Plaintiff has presented evidence of a "Management Agreement" between SSLLC and DGA. (Bogaards Decl. Ex. FF.) Defendant, however, characterizes the relationship as "arms-length." Regardless of the precise contours of the DGA-SSLLC relationship, it is clear that since SSLLC was formed in 2008, that staffing agency has worked exclusively with DGA. (Irwin-Simmons Depo. at 203:19–20.)

Plaintiff Kim Lamie has worked with SSLLC since July 2009 and has participated in approximately thirty to fifty demonstration events for SSLLC. (Sharbaug Decl. Ex. J "Lamie Depo." at 53:20–25.) Plaintiff contends that SSLLC improperly classifies its product demonstrators as independent contractors instead of employees. Based on this allegation, she has asserted, on behalf of a putative class, the following claims against SSLLC: (1) Misclassification, (2) Failure to Pay Overtime, (3) Failure to Pay Regular Wages, (5) Failure to Provide Rest Breaks, (6) Failure to Provide Meal Breaks, (7) Accounting, (8) Unjust Enrichment, and (9) Violation of California Business and Professions Code section 17200. (Notice of Motion.)

Plaintiff seeks to certify the following class:
> All current and former individuals, classified as independent contractors, who performed product demonstration services in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

> California, from August 12, 2008 to the present, at promotional events for which Sunflower Staffing, LLC, exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions.

In addition, Plaintiff seeks to certify the following three subclasses:

The "Standard Six Sub-Class:"

> All current and former individuals, classified as independent contractors, who worked at least one standard six-hour event in California, from August 12, 2008 to the present, at promotional events for which Sunflower Staffing, LLC, exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions.

The "Fresh Fare Sub-Class:"

> All current and former individuals, classified as independent contractors, who worked at least one Fresh Fare At Home event in California, from August 12, 2008 to the present, at promotional events for which Sunflower Staffing, LLC, exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions.

The "Standard Five Sub-Class:"

> All current and former individuals, classified as independent contractors, who worked at least one standard event of at least five but not more than six hours in duration, in California, from August 12, 2008 to the present, at promotional events for which Sunflower Staffing, LLC, exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

Plaintiff never explicitly explains the necessity of these additional subclasses. But based on Plaintiff's opening brief the Court understands that these subclasses are relevant to Plaintiff's claims for meal and rest breaks. These subclasses identify demonstrators at different events that were allegedly subject to different meal and rest break policies. (Mot. at 22.)

## III. LEGAL STANDARD

Rule 23 governs the requirements for class certification. Fed. R. Civ. P. 23. The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has met its burden. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). In reviewing a motion for class certification, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* (internal citations omitted). The party seeking class certification "must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.*

## IV. PLAINTIFF'S CLASS DEFINITIONS

As a threshold issue, Defendant contends that Plaintiff's class definitions are improper "fail-safe" definitions. A class definition is "fail-safe" if a court must issue a decision on the merits in order to decide who is within the class. *See Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008). For example, in *Brazil* the plaintiff defined the class as persons who purchased a computer that "[the defendant] falsely advertised." *Brazil*, 585 F. Supp. 2d at 1167. The court explained that "[t]o determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that [the defendant] had falsely advertised." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*  CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al. and consolidated with  KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

Fail-safe classes are improper for two reasons. First, they shield the putative class members from the possibility of an adverse judgment. *Randleman*, 646 F.3d at 352 ("Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment."). *Id.* Second, these classes are not "presently ascertainable"—the parties and the Court cannot identify who the class members are at the time the class is certified. *Brazil*, 585 F. Supp. 2d at 1167.

In this case, Plaintiff's class definitions are limited to "individuals, classified as independent contractors [where] Sunflower Staffing, LLC, exercised . . . control over such individual's wages, hours, or working conditions." These definitions are fail-safe because the question whether SSLLC exercised control over an "individual's wages, hours, or working conditions" is substantially the same as the question whether SSLLC was the individual's employer. *Martinez v. Combs*, 49 Cal. 4th 35, 42 (2010).

Because Plaintiff's class definitions are improper, the Court exercises its power to reformulate the definitions as follows:[3]

> All individuals who arranged with Sunflower Staffing, LLC, to perform product demonstration services in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

The "Standard Six Sub-Class:"

> All individuals who arranged with Sunflower Staffing, LLC, to participate in at least one standard six-hour event in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

---

[3] It is well within the Court's authority to redefine Plaintiff's proposed classes. WRIGHT & MILLER, FED. PRAC. & PROC. § 1759 at 130-31 (2010) ("if plaintiff's definition of the class is found to be unacceptable, the court may construe the complaint or redefine the class to bring it within the scope of Rule 23.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

The "Fresh Fare Sub-Class:"

> All individuals who arranged with Sunflower Staffing, LLC, to participate in at least one Fresh Fare At Home event in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

The "Standard Five Sub-Class:"

> All individuals who arranged with Sunflower Staffing, LLC, to participate in at least one standard event of at least five but not more than six hours in duration in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

**V.  Rule 23 Factors Applicable to the Revised Class**

**A.  Rule 23(a)**

Defendant does not contest the typicality and numerosity requirements of Rule 23(a). Thus the Court, like Defendant, will confine its discussion to the commonality and adequacy requirements.

**1.  Commonality**

To establish commonality, Plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The claims of the proposed class members "must depend upon a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2551. "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

common answers." *Id.* (quotations and citation omitted).

Plaintiff contends that the question whether SSLLC incorrectly classified product demonstrators as independent contractors is central to the validity of each putative class member's claims. In response, Defendant does not contest that each class member's claims depend on whether *that individual* was classified correctly. But Defendant argues that this question of classification cannot be resolved on a classwide basis. Instead, according to Defendant "it would take a person-by-person analysis of each [product demonstrator's] work, at each individual event, to determine whether liability exists." (Opp. at 9.)

To decide whether the issue of proper classification can be adjudicated on a classwide basis**,** the Court begins by considering California's test for employment. In California, the "principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349 (1989).[4]

The California Supreme Court has recognized that the "'control' test, [if] applied rigidly and in isolation, is often of little use in evaluating the infinite variety of service arrangements." *Id.* at 350. As a result, in applying this test, courts consider numerous factors to decide whether an employment relationship exists. These factors include: (1) whether the principal has the right to discharge the servant at will and without cause, (2) whether the one performing services is engaged in a distinct occupation or business, (3) whether the type of service at issue is usually done under the direction of a principal or

---

[4] The Court recognizes that for some of Plaintiff's statutory claims, the "control" test is not the only applicable test for employment. *See Martinez v. Combs*, 49 Cal. 4th 35, 42 (2010). In *Martinez*, however, the court found that the other applicable tests are *alternatives* to the control test and do not replace that test. Because the control test remains the "principal" test for employment, the Court finds it unnecessary to consider *Martinez*'s alternative tests in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

instead by a specialist without supervision, (4) whether the principal supplies the tools and place of work, (5) the length of time for which the services are to be performed, (6) whether the work is a part of the regular business of the principal, (7) whether the method of payment is by time or by the job, (8) whether the parties believe they are creating the relationship of employer-employee, (9) whether the servant has employees, and (10) whether the servant has an opportunity for profit or loss. *See Id.* at 351; *JKH Enters., Inc. v. Dep't of Indus. Relations*, 142 Cal. App. 4th 1046, 1064 n.14 (2006).

The factors relevant to the "control" test are suited to classwide treatment in this case. Many of these factors focus on the overall business arrangement between the principal and the workers. As a result, these factors are likely to be common to workers who are performing the same services and who are hired by the same principal. For example, the question whether the work is part of the regular business of the principal, the question whether the workers are specialists, the question whether the workers have an opportunity for profit or loss, and the question whether the worker is engaged in a distinct business are all questions that are likely to be common to all the product demonstrators engaged by SSLLC. Similarly, the question whether the principal supplies the tools and the question whether the workers have their own employees are likely to be common to all the product demonstrators engaged by Defendant.

Defendant contends that the "fact-specific analysis needed to determine whether an individual is an employee" means that this inquiry is not subject to common proof or common answers. Not so. "Just because the test for making the determination takes into account a multitude of factors doesn't mean it's not susceptible to common proof. If that were true, [misclassification] cases would never be certified. And yet they routinely are." *Norris-Wilson v. Delta-T Group, Inc.*, 270 F.R.D. 596, 607 (S.D. Cal. 2010).

In fact, some of Defendant's arguments relating to commonality confirm that it is appropriate to evaluate the control test on a classwide basis. For example, Defendant argues that its "Service Agreements" and "Contractor Agreements," which are substantially the same for all class members, demonstrate that product demonstrators understood that they were independent contractors. Maybe they do. (The Court makes no such determination at this stage). But given that these standardized agreements extend to virtually all the putative class members, this argument confirms that the factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

relevant to the control test can be evaluated in a "single stroke" for the entire class. *See Norris-Wilson*, 270 F.R.D. at 607 ("It's only possible to make statements like this if it's possible to generalize across members of the putative class, which is precisely the position that [the defendant] should be *contesting* for the purposes of opposing class certification in this case."). Furthermore, although the fact that these agreements classify product demonstrators as independent contractors is relevant to deciding the question of proper classification, this factor is not dispositive. *Borello*, 48 Cal. 3d at 349 ("The label placed by the parties on their relationship is not dispositive . . .").

The record in this case also confirms that the question of proper classification is a common question of fact and law that is susceptible to common proof.

Plaintiff has presented evidence that SSLLC requires its product demonstrators to adhere to training manuals for each event. (Bogaards Decl. Ex. F at Ex. A.) Although each training manual contains some information applicable to that event, the manuals are substantively similar. (Boxer Decl. Ex. C.) These manuals control the manner in which SSLLC's product demonstrators perform their work. For example, they instruct demonstrators on the number of samples to distribute, the "selling points" to convey to consumers, when to arrive at the event, when and how to take a break, what to bring to the event, what equipment will be provided, how to complete training for the event, how to prepare the samples, and how to submit a report on the event to the product manufacturer.

Defendant's employee, Area Manager Rosalia Urzua, confirmed that the training manuals are sent to product demonstrators "so that they know *how* they're going to have to perform the work." (Bogaards Decl. Ex. R ("Urzua Depo.") at 30:3–15)(emphasis added). In addition, Urzua was not aware of any event that did not have a training manual. (Bogaards Decl. Ex. R at 30:3–15.)

Plaintiff has also provided evidence that Defendant reserved the authority to terminate demonstrators. For example, SSLLC terminated its relationship with product demonstrator Coral Holliday on August 26, 2011. Holliday states that she was terminated because she was not wearing her tie at an event and because the event started

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

late.[5] (Bogaards Decl. Ex. AA ("Holliday Decl.") ¶ 9–13.) Defendant argues, in response, that it exercised any power to terminate only "in very limited circumstances" that involved "particularly egregious misconduct." Whether SSLLC's exercise of this power was in fact rare and whether this precludes a finding of an employment relationship are questions common to the class.

In addition, there is evidence that SSLLC's product demonstrators were not "specialists" who worked unsupervised but ordinary workers who were trained and supervised by SSLLC. For example, product demonstrators were required to attend orientation events and training on how to approach customers, how to sell, and how to comply with the training manual. (Bogaards Decl. Ex. F ("Mobasher Declaration") ¶ 5; Bogaards Decl. Ex. KK at 9.) Furthermore, Plaintiff has provided evidence that SSLLC retained the authority to supervise and "audit" demonstration events. (Bogaards Decl. Ex. F ("Mobasher Declaration") ¶ 11; Ex. D ("Evenson Declaration") ¶ 17; Ex. AA ("Holliday Declaration") ¶ 9–13.)[6]

For the reasons discussed above, the Court finds that Plaintiff has satisfied the

---

[5] At the hearing, Defendant argued that the Irwin-Simmons declaration provides a different account of what occurred between SSLLC and Holliday. According to Irwin-Simmons "after Ms. Holliday engaged in aberrant behavior during [an event], SSLLC decided not to offer her opportunities to contract for future demonstration events. But Ms. Holliday was paid for all demonstration services she provided." (Irwin-Simmons Decl. ¶ 51.) Holliday's declaration indicates, however, that when she showed up to work an event at which she was scheduled to work, she was not permitted to do so. (Holliday Decl. ¶ 13.) Irwin-Simmons's declaration does not directly contradict this version of events. Her declaration indicates only that Holliday was paid for "all demonstration services she provided." It does not state whether Holliday was paid for or allowed to work at all events for which she had been scheduled to work.

[6] At the hearing, Defendant argued that Evenson and Mobasher are not credible witnesses and that the Court should not base its analysis on their declarations. This argument is unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

commonality requirement of Rule 23(a).

### 2. Adequacy

The remaining prerequisite of Rule 23(a) is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (internal quotation marks omitted).

Defendant raises two arguments concerning Lamie's adequacy to serve as class representative. First, Defendant argues that she has "alarming unfamiliarity" with the conditions she seeks to challenge. Second, Defendant contends that Plaintiff's unique claims for wrongful termination and retaliation place her in conflict with the class.

The Court rejects both arguments. Lamie "registered" with SSLLC on July 11, 2009. She participated in dozens of demonstration events with SSLLC. In addition, the portions of her deposition transcript that were attached by Defendant show that she is familiar with the work of a product demonstrator and the execution of SSLLC's promotional events. (Sharbaugh Decl. Ex. J.) Any evidence indicating that Plaintiff is "alarmingly" unfamiliar with the conditions she seeks to challenge is inadequate to compel that finding. In addition, Plaintiff has abandoned her unique claims for wrongful termination and retaliation. Accordingly, she is not in conflict with the class.

The Court finds that Plaintiff has satisfied the adequacy requirement of Rule 23(a).

### B. Rule 23(b)(3)

A class may be certified under Rule 23(b)(3) only if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(a)(4). These two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

requirements are referred to in shorthand as "predominance" and "superiority."

### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

As explained in the preceding section on commonality, the question whether product demonstrators are classified incorrectly is central to each class member's claims against Defendant. In deciding whether this question predominates over individualized issues, the Court analyzes Plaintiff's claims separately.

#### a. *Misclassification claim*

On behalf of the class, Plaintiff seeks damages for misclassification as an independent contractor. These damages include (1) unpaid payroll taxes, (2) unpaid Workers' Compensation Insurance, and (3) unpaid Disability Insurance. The predominant question relevant to this inquiry is the question whether product demonstrators were indeed misclassified. If the class prevails on this issue, there will be some individualized issues as to damages. But such individualized issues of damages do not predominate and do not typically defeat class certification. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1026 (9th Cir. 2011); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

#### b. *Failure to Pay Regular Wages*

Employers are required to comply with the California Labor Code's minimum wage law. *See* Cal. Labor Code § 1194. This responsibility does not extend to parties who enter into agreements with independent contractors. Plaintiff contends that by failing to classify product demonstrators correctly, Defendant failed to adhere to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

California's minimum wage law. Thus the core issue underlying this claim is, again, the issue of classification. If the class prevails on this question, there will undoubtedly be individualized questions as to the extent of each class member's damages. But, as previously explained, these questions do not by themselves defeat class certification. Moreover, it would certainly be more efficient to conduct individualized damage assessments after resolving the central question of liability rather than to require each plaintiff to independently establish liability.

### c. *Failure to Pay Overtime Wages*

At the hearing, Defendant pointed out that Plaintiff's motion for class certification does not seek certification of a claim for failure to pay overtime wages. Defendant is correct. Although Plaintiff's Notice of Motion states that she seeks certification of an overtime claim, her Memorandum of Points and Authorities does not specifically address this claim. Accordingly, the Court denies class certification as to the overtime claim.

### d. *Meal & Rest Break Claims*

California law requires employers to provide their employees a minimum number of meal and rest breaks. *See* Cal. Labor Code § 226.7. Plaintiff contends that by failing to classify product demonstrators as employees, Defendant violated this obligation. Defendant contends that it did not have a single uniform policy regarding meal breaks and that individualized inquiries will be required to determine whether employees received adequate meal and rest breaks. Plaintiff, however, has provided evidence that each "type" of event was subject to a different, allegedly inadequate, meal break policy. (Mot. at 22.) Each of Plaintiff's subclasses reflects one such "type" of event.

Defendant contends that the California Supreme Court's decision in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012), precludes class certification as to this claim. In *Brinker*, the court held that an employer is not obligated to affirmatively ensure that a break is taken. 53 Cal. 4th at 1034. Instead, the employer need only provide an *opportunity* for an employee to take a break. *Id.* If the employee chooses not to take the break the employer is not liable for a meal or rest break violation. *Id.* at 1040.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

*Brinker* can sometimes serve as an insurmountable obstacle to class certification under Rule 23. *See, e.g.*, *Jimenez v. Allstate Ins. Co.*, 2012 WL 1366052, at *15 (C.D. Cal. 2012). This occurs when the employer has a stated break policy that complies with California law. In this situation, the *reason* why a particular break was not taken becomes important—was the break skipped voluntarily or was the employee required to work through the break? Thus, unless there is evidence that the employer had a common practice of preventing employees from taking a break, individualized questions will predominate. *Id.*

In this case, however, *Brinker* does not stand as an obstacle to class certification. Here, Plaintiff alleges, and has provided significant evidence, that Defendant's *stated policies* themselves do not comply with California law. (Boxer Decl. ¶ 5 "Summary of Training Manuals;" Boxer Decl. Exs. C–E "Training Manuals.") In addition, at the hearing Plaintiff contended that not a single Training Manual disclosed by Defendant contains a break policy that complies with California law. This contention went unchallenged by Defendant. If Plaintiff succeeds in showing that Defendant's policies do not comply with California law, there is no need to consider the individualized question of whether a break was skipped voluntarily. *See, e.g.*, *Schulz v. QualxServ, LLC*, 2012 WL 1439066 (S.D. Cal. 2012) ("The Court finds that there are sufficient common questions under this standard because Plaintiffs challenge the Defendants' common corporate policy of failing to relieve the technicians of all work during the rest and meal breaks."). Accordingly, the Court finds that common questions predominate as to this claim.

### e. *Waiting Time Penalties & Unfair Competition Claim*

Under California law an employer must provide an employee with his full wages when the employee is terminated. *See* Cal. Labor Code § 203. A willful failure to comply with this law subjects the employer to monetary penalties. *Id.* Although the Amended Complaint is not clear on this issue, it appears that Plaintiff alleges that because Defendant classified product demonstrators incorrectly, it failed to compute their wages correctly. As a result, if Plaintiff is correct, Defendant would necessarily have failed to pay its employees their full wages upon termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

At the hearing, Defendant argued that individualized issues predominate as to this claim because only "willful" failures to comply with § 203 will subject an employer to liability. According to Defendant, this question of willfulness will need to be decided separately for each alleged failure to pay wages in a timely manner. The Court rejects this argument. "The term 'willful' within the meaning of section 203, means the employer 'intentionally failed or refused to perform an act which was required to be done.' It does not mean that the employer's refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workers of wages which the employer knows to be due." *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal. App. 4th 765, 780 (2002) (internal citations omitted). Deciding whether Defendant intentionally adopted a policy that does not comply with § 203 is unlikely to require an individualized inquiry for each class member. Accordingly, the Court finds that common issues predominate as to this claim.

### f.  *Unfair Competition Claim*

It is undisputed that Plaintiff's claim under California's unfair competition law is entirely derivative of her other claims. Since the parties have not provided any basis to treat those claims differently, the Court finds that common questions predominate as to the unfair competition claim.

### g.  *Accounting and Unjust Enrichment*

Plaintiff failed to address these claims in her certification briefing and it is not readily apparent how these claims will be litigated in the context of this class action. Accordingly, Plaintiff has failed to satisfy the requirements of Rule 23 as to these claims.

### 2.  **Superiority**

In assessing the superiority requirement the Court should consider: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

managing a class action." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180 (9th Cir. 2001). Defendant raises two arguments as to this factor.

First Defendant contends that a class action is not the superior mechanism to adjudicate these claims because there are numerous individualized questions at issue. The Court has already addressed this argument in the context of the predominance factor. In addition, this Court explained in a previous case that "[e]mployer practices and policies with regard to wages and hours often have an impact on large numbers of workers in ways that are sufficiently similar to make class-based resolution appropriate and efficient." *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 406 (C.D. Cal. 2008). "If a class were not certified in this case, the alternative would be either numerous individual suits or, more likely, the abandonment of individual claims." *Id.*

Defendant's second argument requires further analysis. Defendant contends that approximately 1,100 putative class members have signed arbitration agreements with SSLLC that contain class action waivers. Relying on the Supreme Court's decision in *AT&T v. Concepcion*, 131 S. Ct. 1740 (2011), Defendant argues that these agreements are enforceable and preclude classwide resolution of these class members' claims. According to Plaintiff, Defendant started inserting these agreements into event contracts in 2011—well after this case was already pending before this Court. Plaintiff argues that these agreements are unenforceable because they retroactively compromise claims that were already before this court.

Given the relatively scant briefing on this issue, the Court will not decide at this time whether these arbitration agreements are enforceable. Moreover, the Court need not decide this issue now. Even if Defendant is correct, this issue would not completely defeat certification of this class of potentially 6000 product demonstrators. Instead, the class definition would have to be amended to exclude these individuals.

## VI. CONCLUSION

For the reasons stated above, the Court certifies the following class and subclasses:
All individuals who arranged with Sunflower Staffing, LLC, to perform product demonstration services in California at any time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*<br>CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al.<br>and consolidated with<br>KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

The "Standard Six Sub-Class:"

All individuals who arranged with Sunflower Staffing, LLC, to participate in at least one standard six-hour event in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

The "Fresh Fare Sub-Class:"

All individuals who arranged with Sunflower Staffing, LLC, to participate in at least one Fresh Fare At Home event in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

The "Standard Five Sub-Class:"

All individuals who arranged with Sunflower Staffing, LLC, to participate in at least one standard event of at least five but not more than six hours in duration in California at any time between August 12, 2008, and the present and who Sunflower Staffing, LLC, treated as independent contractors.

These classes are certified as to Plaintiff's claims for misclassification, failure to pay regular wages, meal and rest break violations, waiting time penalties, and unfair competition. The Mills Law Firm and the Law Offices of Pieter Bogaards are appointed as Class Counsel. The motion for certification is denied as to Plaintiff's claims for accounting, unjust enrichment, and failure to pay overtime wages. In addition, the certified class does not encompass any claims that were asserted in Plaintiff's First Amended Complaint but that were not discussed in this order.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07933 AHM (JCx)*  CV10-09574 AHM (JCx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | TIFFANI BRIGHT *et al.* v. DENNIS GARBERG AND ASSOCIATES, INC. et al. and consolidated with KIM LAMIE v. DENNIS GARBERG AND ASSOCIATES, INC., et al. | | |

The Court ORDERS the parties to file additional briefing on the enforceability and effect of the arbitration clauses that are included in some of the Contractor Agreements between Defendant and members of the class.  Defendant shall file its brief by not later than September 20, 2012.  Plaintiff shall reply to Defendant's brief by not later than September 28, 2012.  Each side is limited to 8 pages.

_____ : _____
Initials of Deputy Clerk    SMO