# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7933-RGK (JCx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | ***BRIGHT, et al v. GARBERG, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiffs' Motion for Attorneys' Fees (DE 526)

## I. INTRODUCTION

Plaintiffs Tiffani Bright et al., on behalf of themselves and all others similarly situated, filed a Complaint in Los Angeles Superior Court against Dennis Garberg and Associates, Inc. ("DGA") et al. The case was timely removed to federal court on October 21, 2010, and assigned to Judge Matz. On July 11, 2011, Judge Matz granted a motion to consolidate with a related action brought by Kim Lami against DGA, Sunflower Staffing, LLC ("SSLLC"), et al.

Following consolidation, six named plaintiffs and two defendants remain. The named plaintiffs are Kim Lamie, Samantha Keyburn, Christina Tucker, Christi Poole, Donna Burks, and Jamuna Carrol ("Plaintiffs"). The defendants are DGA and SSLLC (collectively "Defendants"). Plaintiffs contend that SSLLC is DGA's in-house staffing agency.

Judge Matz granted class certification against SSLLC on September 6, 2012, as to six claims: (1) Misclassification; (2) Failure to Pay Regular Wages; (3) Meal Violations; (4) Rest Violations; (5) Waiting Time Penalties; and (6) Unfair Competition.

The case was reassigned to this Court on January 23, 2013. On April 23, 2013, SSLLC moved to decertify the class. On May 20, the Court granted a stipulation to stay proceedings pending approval of a settlement between the parties. Plaintiffs moved for preliminary approval of the settlement on July 18, 2013, and the Court granted preliminary approval on September 3. After the class notice period, Plaintiffs moved for final approval of the settlement on January 13, 2014. The Court conducted a

hearing on final settlement approval on February 10, 2014. No objectors appeared at that hearing. The Court granted final approval of the settlement on February 18, 2014. (Docket entry 529.) The settlement provides for the creation of a $650,000 settlement fund for the benefit of the class members (the "Settlement Fund").

Presently before the Court is Plaintiffs' Motion for Attorney Fees, Costs, and Enhancement Awards. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. In particular, the Court **GRANTS** attorney fees in the amount of $162,500; **GRANTS** costs in the amount of $52,000 and **DENIES** the remaining costs requested by Plaintiffs; and **GRANTS** enhancement awards of $3,000 to each of the six named plaintiffs.

## II. FACTUAL BACKGROUND

Plaintiffs and the class members worked for Defendants as product demonstrators. Their primary job was to hand out samples, brochures, and information at grocery stores and other places throughout the State of California. Plaintiffs contend that Defendants classified them as independent contractors instead of employees, denied them meal and rest periods, and did not compensate them for work performed before and after scheduled demonstration events.

## III. JUDICIAL STANDARD

In class action litigation, a court may award reasonable attorneys' fees and nontaxable costs, when authorized by law. Fed. R. Civ. P. 23(h). Class counsel who have recovered a settlement fund for the benefit of the class is generally "entitled to a reasonable attorney's fee from the fund as a whole." *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).

## IV. DISCUSSION

Plaintiffs request that this Court award $162,500 in attorney fees and $205,207.41 in costs to class counsel, as well as $3,000 "enhancement awards" to each of the six remaining named plaintiffs. These funds are to be subtracted from the $650,000 Settlement Fund before the Settlement Fund is distributed to the class members. The Court addresses each request in turn.

### A. Awarding Plaintiffs' Counsel 25% of the Settlement Fund is Reasonable

Class counsel requests 25% of the Settlement Fund, or $162,500, as an attorney fee award. When class counsel has successfully created a settlement fund for the benefit of the class, counsel is entitled to recover a portion of the fund as fees. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). The Ninth Circuit has accepted a "benchmark" fee award of twenty-five percent of the entire settlement fund. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

Here, class counsel has provided evidence that its members are competent attorneys familiar with this area of law, that its litigation and negotiation activities in this case led to a settlement whereby a significant fund was created for the benefit of the class, and that the size of that settlement fund is reasonable in light of the ongoing litigation. There are no factors before the Court which persuade it to depart from the Ninth Circuit's approved twenty-five percent benchmark.

The Court therefore **GRANTS** Plaintiffs' request for attorney fees in the amount of $162,500, to be paid out of the Settlement Fund as provided in the parties' Joint Stipulation of Settlement and

Release.

**B.   Costs**

Beyond the award of attorney fees, class counsel also requests $205,207.41 in costs and expenses. Some courts in this circuit have awarded litigation costs, such as expert witness fees, to be distributed from class action settlement funds. *See, e.g.*, *In Re Media Vision Technology Services Litigation*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). The court, in its discretion, may award costs and expenses that are reasonable under the circumstances. *Rodriguez v. Disner*, 688 F.3d 645, 653, 660 (9th Cir. 2012).

In considering the reasonableness of class counsel's requested costs, this Court has considered three factors: (1) the amount requested in relation to the total settlement amount and the attorney fees requested; (2) the length and complexity of the litigation preceding settlement; and (3) whether counsel has shown that specific expenses were necessary in order to achieve settlement. *See generally Media Vision*, 913 F. Supp. at 1365, 1370-72.

As to the first factor, class counsel's asserted costs represent 31.6%, or nearly a third, of the $650,000 Settlement Fund. In combination with the $162,500 requested as attorney fees, class counsel claim more than half of the Settlement Fund. The large portion of the Settlement Fund designated as costs weighs against awarding the full amount requested.

As to the second factor, class counsel has prosecuted a long and involved litigation that led to a successful settlement. The present litigation began in state court in late 2008, and the parties actively litigated before Judge Matz and this Court for more than three years. For instance, class counsel fully briefed twenty motions in limine. This was not a case that sat idle for years, nor one that settled quickly. This factor supports the reasonableness of the claimed costs.

As to the third factor, class counsel has not provided sufficient basis upon which the Court can determine the necessity of the specific expenses claimed. Counsel submitted a cursory "summary" of their costs, identifying dollar amounts in eight broad categories. Counsel claims, for instance, $36,858.05 for "Case Investigation/Consultation Services/Messenger & Process Service, Filing Fees." The Court cannot evaluate the reasonableness of any individual expense from this overview. *See Morganstein v. Esber*, 768 F. Supp. 725, 727-28 (C.D. Cal. 1991) (noting that a request for costs "documented in only the grossest sense" gave little grounds to determine reasonableness). Therefore this factor does not weigh in favor of granting the requested costs in full.

In light of the lengthy and involved litigation leading up to settlement, the Court reviews counsel's summary of costs generously. In doing so, the Court, in its discretion, finds that $52,000 in litigation costs is reasonable.

The Court therefore **GRANTS** costs in the amount of $52,000 and **DENIES** the remaining costs requested by Plaintiffs.

**C.   Enhancement Awards**

Plaintiffs request "enhancement" awards of $3,000 to each of the six named plaintiffs. The Court may, in its discretion, approve such awards as compensation for work done on behalf of the class or for risks undertaken in bringing the action. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

The affidavits filed in support of the present motion present evidence that the named plaintiffs

"made significant contributions to this litigation," including sitting for depositions, responding to discovery, participating in settlement, and assisting class counsel. (Decl. of Robert Mills at 2.) Granting each named plaintiff $3,000 is reasonable in light of class counsel's description of their participation in the matter and in light of the overall settlement amount.

The Court therefore **GRANTS** Plaintiffs' request for enhancement awards of $3,000 to each of the six named plaintiffs.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. In particular, the Court **GRANTS** attorney fees in the amount of $162,500; **GRANTS** costs in the amount of $52,000 and **DENIES** the remaining costs requested by Plaintiffs; and **GRANTS** enhancement awards of $3,000 to each of the six named plaintiffs.

**IT IS SO ORDERED.**

:

Initials of Preparer